15-1112 – *State of West Virginia ex rel. West Virginia Department of Transportation, Division of Highways v. Honorable Robert A. Burnside and MCNB Bank and Trust Co.*

**FILED**

**June 13, 2016**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Chief Justice Ketchum, concurring:

I agree completely with the majority opinion. I write separately because, at trial, the circuit court will be called upon to determine whether evidence of environmental contamination and remediation costs will be admissible because they are relevant to the property's fair market value.

Under our law the condemning agency is required to pay the landowner just compensation for the property. Just compensation is the price that the property would bring if it were offered for sale on the open market by someone who wanted to sell and was bought by someone who wanted to buy, both exercising prudence and intelligent judgment as to its value, and neither under any compulsion to buy or sell.[1] Every element which affects value and which would influence a prudent purchaser should be considered.[2]

In other words, would a prudent buyer consider (1) that the property is contaminated (2) may need to be remediated and (3) the cost of remediation. Even if the contaminated property had been remediated, would a prudent buyer consider

---

[1] Menis E. Ketchum, *West Virginia Pattern Jury Instructions*, § 1204 Eminent Domain (2016); *W.Va. Dept. of Highways v. Berwind Land Co.*, 167 W.Va. 726, 732, 280 S.E.2d 609, 614 (1981); *W.Va. Dept. of Transportation v. Western Pocahontas Properties*, 236 W.Va. 50, 61-62, 777 S.E.2d 619, 630-31 (2015).

[2] *Western Pocahontas Properties*, 236 W.Va. at 62-63, 777 S.E.2d at 631-32.

1

environmental stigma, i.e., an adverse effect on the market's perception of the value of property containing an environmental risk even after clean-up costs have been expended or considered in estimating value.[3]

Evidence of environmental contamination should be treated "no differently than evidence of a leaky basement, a cracked foundation, or a dilapidated roof: in each case, if the damage and the attendant costs of repair would influence a prudent purchaser in determining how much to pay for the property, then evidence of such damage and repair costs is relevant to fair market value and therefore admissible in condemnation proceedings."[4]

Under our condemnation statute the issue is fair market value on the date of taking (the date the condemnation was filed).[5] Our condemnation statutes do not contemplate determining who contaminated the property or who is required to clean up the property. The single issue for the jury to determine is the fair market value of the property on the date the condemnation was filed.

We do not have a West Virginia Supreme Court case addressing contamination. My concurrence follows the majority view outlined in the leading case,

---

[3] Richard J. Roddewig, *Classifying the Level of Risk and Stigma Affecting Contaminated Property, in* VALUING CONTAMINATED PROPERTIES, 219, 221 (2002).

[4] *260 N. 12th St., LLC v. State of Wisconsin Dep't of Transp.*, 808 N.W.2d 372, 382 (Wis. 2011).

[5] *West Virginia Pattern Jury Instructions*, § 1203 Eminent Domain (2016); Syllabus Point 1, *W.Va. Dep't of Highways v. Roda*, 177 W. Va. 383, 352 S.E.2d 134, (1986); *Western Pocahontas Properties*, 236 W.Va. at 63, 777 S.E.2d at 632.

260 North Street LLC.[6]  There is a minority view that usually requires the remediation costs to be escrowed until the condemnation is remediated.[7]  However, I suspect the Department of Transportation will remediate the property or indemnify the landowner before the trial when the property is valued as to the date of its taking by the Department of Transportation.

---

[6] *260 North 12th Street, LLC*, *supra* n. 4.

[7] Michael L. Stokes, *Valuing Contaminated Property in Eminent Domain: A Critical Look at Some Recent Developments*, 19 Tul. Env. L. J. 221 (2006); *Nichols on Eminent Domain*, §§ 13.10 and § 12.A.01 [7] [6].